1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOU HER, | Case No.  1:23-cv-00488-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND |
| v. | (ECF No. 1) |
| WARDEN MENDOTA PRISON, et al., | |
| Defendants. | |
| | **THIRTY-DAY DEADLINE** |

Plaintiff Nou Her ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff's complaint, filed on March 31, 2023, is currently before the Court for screening.  (ECF No. 1.)

**I.       Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.        Plaintiff's Allegations

Plaintiff is currently housed at FCI, Mendota, in Mendota, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants:  (1) Warden FCI Mendota; (2) Dr. Moon, D.D.S., contract dental provider; and (3) Medical Director, FCI Mendota.

Plaintiff alleges medical malpractice by a dental provider during tooth extraction.  Specifically, Plaintiff alleges that when he arrived for a tooth extraction from FCI Mendota Medical/Dental and Dr. Moon, he "already had his jaw wired together in 5 places from injuries sustained in his [past]."  (ECF No. 1 at p. 3.)  Dr. Moon could not perform the "intended extraction due to existing wires from the jawbone injury." (*Id.*)  Dr. Moon utilized a pair of wire cutters and cut the wires holding Plaintiff's jaw together.  Plaintiff  "revisited medical/dental because . . . the tips of the cut wires were eating into [his] gums, and causing extreme pain." (*Id.*)  Plaintiff asked Dr. Moon why he cut the wires, but Dr. Moon denied cutting them.  Plaintiff indicates that Dr. Moon is a private contractor, but the action occurred under "BOP contract."  Plaintiff claims Dr. Moon is liable under both the contract and through his practice.

Plaintiff complains that he has no relief, and he soon will be released.  He alleges that he is "in extreme pain, at risk for infection, and cannot properly eat." (*Id.*)  Plaintiff contends that Dr. Moon's intentional actions were a "short cut" with no regard for Plaintiff's health or well-being. (*Id.*)  Plaintiff contends that Dr. Moon's actions, amounting to medical malpractice, have caused him lifelong damages and pain.  As relief, Plaintiff requests compensatory damages, immediate treatment, and transfer to an appropriate facility.  (*Id.* at p. 4.)

### III.    Discussion

For the reasons discussed below, Plaintiff's complaint fails to state a cognizable claim for relief.  It does not appear that Plaintiff can cure the identified deficiencies.  However, as Plaintiff is proceeding pro se, and in an abundance of caution, the Court will grant Plaintiff leave to amend his complaint to the extent he can do so in good faith.

### A.  *Bivens* Actions Following *Ziglar v. Abbasi*

Plaintiff is a federal prisoner alleging that Dr. Moon, a contract dentist, failed to provide him with appropriate dental care in violation of the Eighth Amendment.  As he is a federal prisoner, Plaintiff's claims proceed under *Bivens*, 403 U.S. 388 (1971).  To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 582 U.S. 120, 137 S.Ct. 1843, 1857 (2017) (citations omitted); *see Egbert v. Boule*, 142 S.Ct. 1793, 1803 (2022) (The Court reiterated that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.').

Traditionally, courts applied a two-part test to determine the appropriateness of extending a *Bivens* cause of action. First, the Court examined whether the claim arises in a "new context" or involves a "new category of defendants." *Hernandez v. Mesa*, 140 S.Ct. 735, 743 (2020). Second,

1    if the claim does indeed arise in a new context, the Court assessed whether there exists any

2    "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*,

3    582 U.S. at 136, 137 S.Ct. at 1857 (internal quotations omitted). However, the Supreme Court

4    recently reformulated this test. In *Egbert*, 142 S.Ct. at 1803, the Supreme Court determined that

5    these two steps can be distilled to one single inquiry; that is, "whether there is any reason to think

6    that Congress might be better equipped to create a damages remedy." Further, the Court specified

7    that if there is even one rational reason to defer to Congress to afford a remedy, then "a court may

8    not recognize a Bivens remedy." *Id.* Practically, the Court concluded that a rational reason for

9    deference to Congress will exist "in most every case." *Id.*

10          Finally, the presence of an alternative remedial structure counsels against extending

11   *Bivens* to a new cause of action. The Court may not even determine the adequacy of the

12   alternative remedy, as this too is a task left to Congress. *Egbert*, 142 S.Ct at 1807. Indeed, "[s]o

13   long as Congress or the Executive has created a remedial process that it finds sufficient to secure

14   an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing

15   a *Bivens* remedy." *Id.* This remains true "even if a court independently concludes that the

16   Government's procedures are 'not as effective as an individual damages remedy.'" *Id.* (quoting

17   *Bush v. Lucas*, 462 U.S. 367, 372 (1983)).

18          The Court recognizes that in *Carlson v. Green*, the Supreme Court found that there was an

19   available *Bivens* remedy for a federal prisoner's Eighth Amendment claim for failure to provide

20   adequate medical treatment. 446 U.S. 14.  Although *Carlson* created a *Bivens* remedy for certain

21   Eighth Amendment violations, *Carlson* did not create a blanket rule for all Eighth Amendment

22   claims brought under *Bivens*. *See Martinez v. Bureau of Prisons*, 830 F. App'x 234, 235 (9th Cir.

23   2020); *see also Hernandez*, 140 S. Ct. at 743 ("A claim may arise in a new context even if it is

24   based on the same constitutional provision as a claim in a case in which a damages remedy was

25   previously recognized.").

26          In this district, in at least one instance, a *Bivens* remedy has not been extended to include a

27   plaintiff's medical indifference claim premised on dental pain and care.  *See Mendez v. United*

28   *States*, No. 1:17-cv-00555-NONE-JLT (PC), 2020 WL 8513584, at *12-*14 (E.D. Cal. Mar. 24,

2020), report and recommendation adopted, No. 17-cv-0555-NONE-JLT (PC), 2021 WL 537271 (E.D. Cal. Feb. 12, 2021) (declining to extend *Bivens* to claims premised on dental care; identifying availability of alternative remedies, including administrative grievance system, letters and requests to doctor and Warden, and Federal Tort Claims Act claim for medical malpractice, which counseled against extending *Bivens* remedy).  Further, there appears to be alternative remedies available, including additional visits at FCI Mendota for dental care, the administrative grievance system, and, potentially, a claim for medical malpractice.

Additionally, *Bivens* remedies are not available against a private actor not directly employed by the federal government.  *See Martinez v. Geo Grp., Inc.,* No. ED CV 18-1125-SP, 2020 WL 2496063, at *18 (C.D. Cal. Jan. 7, 2020) ("*Bivens* has never been applied to an individual who was not in the direct employ of the federal government."); *Dubon v. GEO Corr. & Detention*, No. 3:18cv686-CAB-RBB, 2018 WL 4002620, at *3 (S.D. Cal. Aug. 22, 2018) (explaining that the Supreme Court has refused to extend liability for constitutional violations to private actors who contract with the federal government) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69, 74 (2001)).

For these reasons, the Court finds that Plaintiff's complaint fails to state a plausible claim against Defendant Moon.  Even if the Court were to assume that a *Bivens* remedy was available, Plaintiff's complaint fails to state a cognizable claim under the Eighth Amendment against Defendant Moon.

**B.  Eighth Amendment – Deliberate Indifference**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff does not allege that Defendant Moon was deliberately indifferent to his need for an extraction or dental care. Rather, Plaintiff alleges that Defendant Moon committed medical malpractice in cutting the wire in his jaw with wire cutters. As indicated above, medical malpractice is not sufficient to establish deliberate indifference to serious medical needs. Moreover, even negligence or gross negligence will not support an Eight Amendment claim for deliberate indifference.

### C.    Supervisory Liability - Bivens

Plaintiff also names as defendants the Warden and the Medical Director at FCI, Mendota. Under *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397. There is no respondeat superior liability under *Bivens*. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit or a Bivens action ... the term "supervisory liability" is a misnomer."). A government official is only liable for his or her own misconduct. *Id.*; *Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011), cert. denied, 566 U.S. 982 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

Plaintiff's complaint does not include any allegations of misconduct by the Warden or Medical Director at FCI, Mendota. Plaintiff's complaint does not suggest that the Warden or the

1    Medical Director personally participated in or caused Plaintiff to suffer any constitutional injury.

2          **IV.**     **Conclusion and Order**

3         Plaintiff's complaint fails to state a cognizable claim for relief under *Bivens*.  In an

4    abundance of caution, the Court will grant Plaintiff an opportunity to amend his complaint to cure

5    the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d

6    1122, 1130 (9th Cir. 2000).

7         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

8    each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556

9    U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

10   a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

11   Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in

12   his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

13   complaints).  Finally, Plaintiff is advised that an amended complaint supersedes the original

14   complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's

15   amended complaint must be "complete in itself without reference to the prior or superseded

16   pleading."  Local Rule 220.

17        Based on the foregoing, it is HEREBY ORDERED that:

18        1.     The Clerk's Office shall send Plaintiff a complaint form;

19        2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an

20   amended complaint curing the deficiencies identified by the Court in this order (or file a notice of

21   voluntary dismissal); and

22        3.     If Plaintiff fails to file an amended complaint in compliance with this order, the

23   Court will recommend dismissal of this action, with prejudice, for failure to obey a court order

24   and for failure to state a claim.

IT IS SO ORDERED.

25

26   Dated:   **June 16, 2023**                 /s/ *Barbara A. McAuliffe*

27                               UNITED STATES MAGISTRATE JUDGE

28